# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **KEVIN KENNEDY**, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 2:23-cv-1171 |
| | Judge: |
| **LOWE'S HOME CENTERS, LLC**, a North Carolina limited liability company, | Mag. Judge: |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **KEVIN KENNEDY** ("**KENNEDY**" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Americans with Disabilities Act (ADA) and Florida Civil Right Act (FCRA) for (1) discrimination in violation of the ADA, (2) discrimination in violation of the FCRA, (3) retaliation in violation of the ADA, and (4) retaliation in violation of the FCRA.

## PARTIES

2. The Plaintiff, **KEVIN KENNEDY** ("**KENNEDY**") is an individual who at all material times resided in Collier County, Florida and who worked for the Defendant in Collier County, Florida.

3. Defendant, **LOWE'S HOME CENTERS, LLC** ("Defendant") is a North Carolina limited liability company that employed **KENNEDY** in Collier County, Florida. At all material times, the Defendant employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in Collier County, and Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since Collier County is within the Fort Myers Division.

6. **KENNEDY** received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on September 27, 2023

and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit 1.)

**GENERAL ALLEGATIONS**

7. **KENNEDY** began his employment with Defendant on or about March 17, 2005, and was employed as a loader.

8. **KENNEDY** always performed his assigned duties in a professional manner and was able to do his job despite being a qualified person with a disability.

9. **KENNEDY** is a person with Down's Syndrome, which is a genetic disorder caused when abnormal cell division results in an extra full or partial copy of chromosome 21.

10. Because of his Down's Syndrome, **KENNEDY** has lifelong intellectual disability and developmental delays.

11. Nevertheless, for 15 plus-years, **KENNEDY** always met and exceeded the Defendant's performance and productivity goals.

12. However, beginning in 2022, when **KENNEDY** was returning from medical leave related to Covid, the newer store manager, started to discriminate against **KENNEDY** because of his disability by interfering with his return to work.

13. Additionally, the store manager had been allowing other employees to make fun of **KENNEDY**'s disability, notwithstanding that he was – and remains

– a high functioning person with Down's Syndrome who was previously well-liked by his supervisors and peers.

14. **KENNEDY**'s new store manager suddenly demanded that he retain a "work coach" on a full-time basis, knowing that the same was not available as any practical matter.

15. This was done in an effort to cause **KENNEDY** to either resign his employment or be terminated for failure to comply with a completely unreasonable – and pretextual – demand by the new store manager.

16. When **KENNEDY** could not comply and objected to the same, he was not permitted to work and ultimately learned that he had been terminated on June 3, 2022.

17. Prior thereto, the Defendant refused to engage in any interactive process, including refusing to even communicate regarding what could be done to allow **KENNEDY** to return to work since he could perform all the essential functions of his position.

18. At all material times, the Defendant was aware of **KENNEDY**'s disability and, consequently, his protected class, which is the basis for its discriminatory employment practices toward him.

19. There was no cause given at the time for the termination and the termination served no legitimate business purpose.

20. At all material times, the Defendant was aware of **KENNEDY**'s disability, which is the basis for its discriminatory employment practices toward him.

**COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED**

21. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

22. At all relevant times, **KENNEDY** was an individual with a disability within the meaning of the ADAAA.

23. Specifically, **KENNEDY** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

24. **KENNEDY** is a qualified individual as that term is defined in the ADAAA.

25. **KENNEDY** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with the Defendant.

26. At all material times, **KENNEDY** was an employee, and the Defendant was his employer covered by and within the meaning of the ADAAA.

27. **KENNEDY** has disabilities, which qualify under the ADAAA.

28. Defendant discriminated against **KENNEDY** with respect to the terms, conditions, and privileges of employment because of his disabilities.

29. Defendant conducted itself with malice or with reckless indifference to **KENNEDY**'s federally protected rights.

30. Defendant discriminated against **KENNEDY** in violation of the ADAAA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

31. The conduct of Defendant altered the terms and conditions of **KENNEDY**'s employment and **KENNEDY** suffered negative employment action in the form of discipline and termination.

32. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **KENNEDY** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

33. As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **KENNEDY** is entitled to all relief necessary to make him whole.

34. As a direct and proximate result of the Defendant's actions, **KENNEDY** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe

benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

35. **KENNEDY** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

   i.   Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

   ii.  Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

   iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

   iv.  Reasonable attorney's fees plus costs;

   v.   Compensatory damages;

   vi.  Punitive damages, and;

   vii. Such other relief as this Court shall deem appropriate.

### **COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION**

36. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

37. At all relevant times, **KENNEDY** was an individual with a disability within the meaning of the FCRA.

38. Specifically, **KENNEDY** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

39. **KENNEDY** is a qualified individual as that term is defined in the FCRA.

40. **KENNEDY** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with the Defendant.

41. At all material times, **KENNEDY** was an employee, and the Defendant was his employer covered by and within the meaning of the FCRA.

42. **KENNEDY** has disabilities, which qualify under the FCRA.

43. Defendant discriminated against **KENNEDY** with respect to the terms, conditions, and privileges of employment because of his disabilities.

44. Defendant conducted itself with malice or with reckless indifference to **KENNEDY**'s protected rights under Florida law.

45. Defendant discriminated against **KENNEDY** in violation of the FCRA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

46. The conduct of the Defendant altered the terms and conditions of **KENNEDY**'s employment and **KENNEDY** suffered negative employment action in the form of discipline and termination.

47. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **KENNEDY** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

48. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **KENNEDY** is entitled to all relief necessary to make him whole.

49. As a direct and proximate result of the Defendant's actions, **KENNEDY** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

50. **KENNEDY** has exhausted his administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF THE ADA- RETALIATION

51. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

52. Following **KENNEDY**'s request for reasonable accommodation, Defendant retaliated by altering the terms and conditions of his employment by terminating **KENNEDY**.

53. Said protected activity was the proximate cause of Defendant's negative employment actions against **KENNEDY** including changed working conditions, discipline, and ultimately termination.

54. Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against **KENNEDY** via changed working conditions, discipline, and termination.

55. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the ADA.

56. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, **KENNEDY** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

57. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **KENNEDY** is entitled to all relief necessary to make him whole as provided for under the ADA.

58. As a direct and proximate result of Defendant's actions, **KENNEDY** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

59. **KENNEDY** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

**COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION**

60. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

61. Following **KENNEDY**'s request for reasonable accommodation, Defendant retaliated by altering the terms and conditions of his employment by terminating **KENNEDY**.

62. Said protected activity was the proximate cause of Defendant's negative employment actions against **KENNEDY** including changed working conditions, discipline, and ultimately termination.

63. Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against **KENNEDY** via changed working conditions, discipline, and termination.

64. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

65. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **KENNEDY** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

66. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **KENNEDY** is entitled to all relief necessary to make him whole as provided for under the FCRA.

67. As a direct and proximate result of Defendant's actions, **KENNEDY** has suffered damages, including but not limited to, a loss of employment

opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

68. **KENNEDY** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **KEVIN KENNEDY**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: December 12, 2023  **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com